IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| GERARDO ELIAS ZAPETA CANASTUJ, § § *Petitioner*, § § v. § § ALEXANDER SANCHEZ, in his official § capacity as Warden of the IAH Secure Adult § Detention Center; BRET BRADFORD, in his § official capacity as Field Office Director of ICE § Enforcement and Removal Operations, Houston § Field Office; KRISTI NOEM, in her official § capacity as Secretary of the Department of § Homeland Security; and PAM BONDI, in her § official capacity as Attorney General of the § United States, § § *Respondents*. § | CIVIL ACTION NO. 9:26-CV-00182 JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Gerardo Elias Zapeta Canastuj (Zapeta)'s Petition for Writ of Habeas Corpus (the Second Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner Gerardo Elias Zapeta Canastuj is a Guatemalan national.[1] On October 25, 2025, United States Immigration and Customs Enforcement (ICE) detained Zapeta. [Dkt. 1 at 3].

On December 10, 2025, Zapeta brought a habeas corpus petition (the First Petition), claiming that that his detention violated the Immigration and Naturalization Act (INA)[2] and the Fifth Amendment to the United States Constitution.[3] The Court denied Zapeta's First Petition on December

---

[1] Petition for Writ of Habeas Corpus, Zapeta Canastuj v. Sanchez, No. 9:25-cv-330 (E.D. Tex. Dec. 10, 2025), Dkt. No. 1.

[2] 8 U.S.C. § 1101 et seq.

[3] *See* Petition for Writ of Habeas Corpus, Zapeta Canastuj v. Sanchez, No. 9:25-cv-330 (E.D. Tex. Dec. 10, 2025), Dkt. No. 1.

29, 2025.[4] Zapeta then filed his Second Petition on February 17, 2026. [Dkt. 1]. In his Second Petition, Zapeta drops his INA claims but adds a litany of new claims under various constitutional provisions and the Administrative Procedure Act. *See id.* at 13–14.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Second or Successive Habeas Petition

Generally, it is an "abuse of the writ" of habeas corpus to file a second habeas petition asserting grounds for relief that could have been raised in the first petition. *McGary v. Scott*, 27 F.3d 181, 183 (5th Cir. 1994). District courts have "sound discretion" to dismiss second or successive habeas petitions as abuses of the writ. *Id.* Dismissal is improper only when the petitioner demonstrates that some "external impediment" prevented him from raising his arguments in his first petition, and that dismissal would prejudice him. *See id.*

Here, Zapeta's Second Petition re-states the same Fifth Amendment argument contained in his First Petition, along with several new constitutional claims.[5] Zapeta offers no reason why these new

---

[4] *See* Order Denying Petition for Habeas Corpus, Zapeta Canastuj v. Sanchez, No. 9:25-cv-330 (E.D. Tex. Dec. 29, 2025), Dkt. No. 3.

[5] *Compare* [Dkt. 1] *with* Petition for Writ of Habeas Corpus, Zapeta Canastuj v. Sanchez, No. 9:25-cv-330 (E.D. Tex. Dec. 10, 2025), Dkt. No. 1.

2

claims could not have been raised in his First Petition. *See* [Dkt. 1]. Accordingly, Zapeta's Second Petition is an abuse of the writ of habeas corpus. *See McGary*, 27 F.3d at 183.

### IV. CONCLUSION

It is therefore **ORDERED** that Zapeta's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 10th day of March, 2026.**

Michael J. Truncale
United States District Judge